UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN THOMPSON, et al | PLAINTIFFS |
| VERSUS | CIVIL ACTION NO. 1:01CV111-LG-RHW |
| NORTHRUP GRUMMAN SHIP SYSTEMS, INC. | DEFENDANT |

**ORDER**

Before the Court is Plaintiffs' [371] Motion for Reconsideration of the [360] Order Requiring Separate Complaints. On August 17, 2006, this Court entered an Order requiring the Plaintiffs to file separate complaints, one for each Plaintiff. Plaintiffs have filed an interlocutory appeal from the Court's severance order. It is questionable whether the Court retains jurisdiction over any aspect of this case, including the Motion for Reconsideration. Nevertheless, the Court finds that the Motion for Reconsideration should be denied. The Court will not address the specific merits of the severance issue raised in Plaintiffs' motion. However, the Court feels compelled to respond to Plaintiffs' allegation that their due process rights were somehow violated because Plaintiffs were not afforded "an opportunity under Local Rule 7.2 to counter the inaccurate factual statements and improper opinions contained in the declaration of Defendant's counsel." As will be set out below, Plaintiffs were afforded ample opportunity to respond to Defendant's arguments and evidence but simply failed to do so in a timely fashion.

On May 22, 2006, the Court conducted a status conference. At the conference, the Court announced its intention to sever the Plaintiffs' claims into individual causes of action. Plaintiffs lodged no objection to the Court's announcement at that time. On June 30, 2006, as an added procedural safeguard, the Court entered a [330] Show Cause Order allowing Plaintiffs 20 days in

which to show cause why the case should not be severed into individual actions. The Court further directed the parties to brief the issue in accordance with the time limits established in Local Rule 7.2(D). Rule 7.2(D) allows ten days for a responsive pleading and five days to file a rebuttal.

On July 20, 2006, Plaintiffs filed a timely [342] Response to the Show Cause Order. On August 4, 2006, Defendant filed a [350] Memorandum in Opposition to Plaintiffs' Response. Out of an abundance of caution, and to satisfy a technical objection raised in Plaintiffs' Response, Defendant also filed a [349] Motion to Sever. The [349] Motion to Sever was identical in substance to the Defendant's [350] Memorandum in Opposition to Plaintiffs' Response. Pursuant to the Court's [330] Show Cause Order, Plaintiffs had five days from August 4, 2006, in which to file a rebuttal to Defendant's [350] Memorandum in Opposition. Even allowing three days for service by mail and counting only weekdays, the latest that Plaintiffs should have filed a rebuttal would have been August 14, 2006. On August 17, 2006, three days after Plaintiffs' rebuttal was due, the Court entered the Order Requiring Separate Complaints. Plaintiffs never filed a rebuttal as contemplated by the Court's Show Cause Order. Contrary to Plaintiffs' assertion that the Court violated their due process rights, the Court finds that Plaintiffs slept on their right to respond to the Defendant's responsive pleading filed on August 4, 2006.

In their [371] Motion for Reconsideration, Plaintiffs argue that they should have had ten days under Local Rule 7.2(D) in which to respond to Defendant's [349] Motion to Sever before the Court entered its severance order. Plaintiffs' argument misses the mark. The Court entered the Order Requiring Separate Complaints pursuant to the schedule established in [330] Show Cause Order without regard for the filing of Defendant's Motion to Sever. In entering its

severance order, the Court "granted" Defendant's [349] Motion to Sever merely to clear the motion from the docket.  As stated in the Order of August 17, 2006, "the Court entered the Show Cause Order precisely to afford Plaintiffs notice and an opportunity to be heard."  Furthermore, the Court stated in the severance order that "the Court does not agree with Plaintiffs' assertion that an order of severance may be entered only pursuant to a motion to sever.  Nevertheless, Defendant has remedied this alleged technical deficiency by filing a motion to sever in conjunction with its response to Plaintiffs' objections to severance."

Contrary to Plaintiffs' assertion, the Court finds that Plaintiffs in fact were afforded an opportunity to respond to Defendant's arguments and allegations.  The time for filing said rebuttal, as provided in the Show Cause Order, passed without Plaintiffs filing a rebuttal.  Once the briefing schedule set forth in the Show Cause Order had expired, the Court entered the Order of Severance based on the record before it.  The Court further finds, by way of clarification, that Defendant's Motion to Sever was superfluous and that the Court had the authority to sever the claims of the Plaintiffs sua sponte.

IT IS THEREFORE ORDERED AND ADJUDGED that the [371] Motion to Reconsider is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' request for a stay is DENIED.

SO ORDERED, this the 20th day of October, 2006.

                                                    s/ *Robert H. Walker*
                                                  UNITED STATES MAGISTRATE JUDGE